| 92 | 383 |
|-----|-----|
| 107 | 577 |

## Henry C. Ruston v. John Knefel et al.

1. Decrees—*When Manifestly Excessive, to be Reversed.*—A decree in a foreclosure proceeding which is for an amount manifestly excessive, and in its nature usurious, must be reversed.

Bill of Foreclosure.—Error to the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Opinion filed December 18, 1900.

Henry C. Ruston and Louis Karcher, attorneys for plaintiff in error.

Edward J. Phillips, attorney for defendants in error.

Mr. Presiding Justice Shepard delivered the opinion of the court.

This bill was filed by the defendant in error, John Knefel, in his own name, to foreclose a certain trust deed in the nature of a mortgage, made to him as trustee, to secure a promissory note for $2,500, made by the plaintiff in error, Henry C. Ruston, payable to his own order and by him indorsed. One Albert Sonnberg was, with other parties beside the plaintiff in error, made a party defendant.

The allegations as to Sonnberg's interest are that when Ruston signed and indorsed the note he then and there delivered it to Sonnberg, and that Sonnberg was at the time of filing the bill the lawful owner and holder thereof, and that there remains due and owing to Sonnberg, on account of said note, the sum of twenty-five hundred dollars principal, and blank dollars interest.

The prayer of the bill, among other things, is for an accounting between said Ruston and the holder and owner of said indebtedness and the complainant, and that the proceeds of the sale of the mortgaged premises, to be decreed, may "be applied in satisfaction of any indebtedness found upon such accounting to be due either to your orator or to said Albert Sonnberg, or other holder or owner of said indebtedness."

The proof is not at all clear as to what the interest of Sonnberg is in the note. It is certain that he did not, as alleged, acquire it at the time it was made. The complainant himself testifies that after receiving the note from Ruston, he sold it to one of his customers, named Seifert. Afterward he seems to have taken it back from Seifert, and then, in May or June, 1892, he says he sold and delivered it to Sonnberg.

Sonnberg swore positively that he never saw the note until it was shown to him in the master's office at the time his testimony in the case was given. But it may be the note was never in fact delivered to him and that complainant, as his agent, kept it for him. He testified through an interpreter, and perhaps did not comprehend the dealings had between himself and the complainant, and moreover he testified, later, that he paid Knefel $2,500 for the note.

The decree, however, seems to be manifestly wrong in amount. The master reported, and the decree found, that there was due to Sonnberg on account of the principal of the note, $2,500, and for interest on the same $626.75; a total of $3,126.75 for principal and interest. The note bore interest at six per cent per annum.

Sonnberg testified that he claimed interest for one and a half years only, which would amount to $225. The excess of interest allowed was therefore about $400.

It is true that Knefel, the complainant, testified that during a part of the time after he sold the note to Sonnberg he paid two and a half years' interest to Sonnberg, because Ruston did not pay it, and took Sonnberg's note for the amount and sold it.

Sonnberg does not corroborate Knefel's testimony in such respect, and the bill is not framed upon any theory that would support relief respecting such payments by Knefel. Knefel does not file the bill on the ground or theory that he has any interest in the case except that of a mere trustee, and holder of the legal title to the premises, for the use of Sonnberg. The decree was, therefore, for the amount manifestly excessive, and in its nature usurious. And for such error the decree must be reversed and the cause remanded to the Circuit Court, where, upon proper application, leave should be given to amend the bill, if so desired. In all other respects we think the facts were correctly found by the decree.

It is the better practice in a foreclosure suit, where the parties are not numerous, to make the holder of the notes secured by the trust deed a party complainant, although the legal title may be in the trustee; but as the case is to be remanded we omit to decide what can so easily be remedied, the alleged note holder being already in the case as a defendant.

Reversed and remanded.